# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROY JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF OAK GROVE, MISSOURI, et al., )<br>)<br>Defendants. ) | Case No. 04-0879-CV-W-RED |

## ORDER

Now pending before the Court is Defendants' Joint Motion to Strike Plaintiffs' Complaint, for Sanctions, and Suggestions in Support (Doc. #34), and Defendant's Motion to Respond Out of Time (Doc. #38). Both motions are **GRANTED**.

## I. BACKGROUND

This case was removed to federal court on September 28, 2004. Over nine months later, the Court dismissed plaintiff's claims against certain defendants for failure to serve those defendants. The Court's initial scheduling order set May 1, 2006 as the final deadline and set the case for bench trial on October 16, 2006.

On July 19, 2005, defendants served written discovery requests on plaintiff. Despite defendants' repeated inquiries, plaintiff refused to respond to the written discovery. On October 26, 2005, defendants noticed plaintiff's deposition for December 2, 2005. The parties cancelled plaintiff's deposition on November 30, 2005, because plaintiff had not yet responded to written discovery.

Defendants filed a motion requesting a teleconference pursuant to Local Rule 37.1. On January 10, 2006, the Court held the teleconference with the parties and ordered plaintiff to respond

to the written discovery requests by January 12, 2006. (Doc. #23). The Court also ordered plaintiff to make himself available for his deposition within 30 days after the order. Plaintiff then handwrote responses to defendants' discovery requests in pencil.

On March 22, 2006, Defendants noticed plaintiff's deposition for April 6, 2006. Plaintiff failed to appear for the deposition, and defendants filed a Motion for Sanctions. On May 31, 2006, the Court ordered plaintiff to make himself available for deposition within 20 days after the order.

On June 28, 2006, Defendants noticed plaintiff's deposition a third time for July 5, 2006. Plaintiff failed to appear for the deposition. Defendants paid a court reporter $93.75 to make a record of plaintiff's failure to appear. On August 4, 2006, defendants filed a Joint Motion to Strike Plaintiffs' Complaint, for Sanctions, and Suggestions in Support. On August 30, 2006, the Court ordered plaintiff to show cause within 10 days after the order why defendants' joint motion should not be granted. On September 13, 2006, 14 days after the Court issued its show cause order, a new attorney designated himself as lead counsel for plaintiff, filed a motion to respond out of time to the August 30, 2006 show cause order, and filed a response to defendants' joint motion for sanctions.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(d) governs a party's failure to attend a deposition. The rule authorizes the Court to "make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(d). Such orders include orders for sanctions, striking pleadings, and dismissing actions. *Id*; Fed R. Civ. P. 37(b)(2). A district court may strike a party's pleading and enter judgment against the party for refusing to attend a deposition. *See Peitzman v. City of Illmo*, 141 F.2d 956, 960 (8th Cir. 1944). Such a remedy is appropriate when the "inability to attend [a scheduled deposition] amounts to a 'willful' evasion of the duty to make discovery without 'substantial justification.'" *Marriott*

*Homes, Inc. v. Hanson*, 50 F.R.D. 396, 400 (Mo. W.D. 1970).

Plaintiff wilfully and routinely violated the Federal Rules of Civil Procedure, this Court's specific orders, and defendants' rights. Defendants' right to depose Plaintiff is fundamental–it is essential to a fair trial on the merits. Plaintiff has taken extreme and vexatious measures to impede, delay, impair, and frustrate Defendants' efforts to depose plaintiff and obtain reasonable discovery. The Court previously permitted Plaintiff's counsel to make excuses and apologize for his transgressions. Unfortunately, Plaintiff has not reformed his unreasonable behavior. Despite this Court's specific order on May 31, 2006, that Plaintiff make himself available within the next twenty days for his deposition, this was not done.

Plaintiff voluntarily chose to file this lawsuit. He must abide by the Court's specific orders and general rules, he must respond to discovery in a manner that is reasonable in time and manner, and he must produce himself for a deposition. Plaintiff's repeated refusal to do so amounts to a willful evasion of the duty to make discovery without substantial justification.

Suspension of Robert Desselle's law license allegedly for failure to complete sufficient CLE requirements in previous years is not substantial justification for Plaintiff's willful discovery evasion. Plaintiff has willfully evaded Defendants' discovery requests for nearly two years. Mr. Desselle's law license was suspended in early August 2006. Mr. Desselle was actively involved in the case at all times pertinent to this action and represented Plaintiff as a duly licensed attorney when Plaintiff refused to serve responses to written discovery and refused to attend his properly noticed depositions.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Respond Out of Time to Defendants' Joint Motion to Strike Plaintiff's Complaint and for Sanctions and to the Show Cause Order of the Court is **GRANTED** and Plaintiff's Response to Defendants' Joint Motion to Strike Plaintiff's Complaint and for Sanctions and to the Court's Order to Show Cause is shown as filed. Defendants' Joint Motion to Strike Plaintiff's Complaint, For Sanctions, and Suggestions in Support is **GRANTED**. All pleadings filed by plaintiff are stricken, and plaintiff's case is dismissed with prejudice to the refiling thereof. Defendants shall submit a statement of their reasonable costs and fees related to the deposition scheduled for July 5, 2006 for the Court's review.

The pretrial conference scheduled for September 21, 2006, and bench trial scheduled for October 16, 2006, are hereby **VACATED**.

**IT IS SO ORDERED.**

DATE: September 20, 2006      */s/ Richard E. Dorr*
                              RICHARD E. DORR, JUDGE
                              UNITED STATES DISTRICT COURT